IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Tareq R. Jabr,**

    **Plaintiff,**      Case No. 2:24-cv-3580

    v.      Judge James L. Graham
         Magistrate Judge Kimberly A. Jolson

**Ohio Dept. of Taxation, et al.,**

    **Defendant.**

### ORDER AND REPORT AND RECOMMENDATION

Plaintiff Tareq Jabr, an Ohio resident who is proceeding *pro se*, brings this action against Defendants the Ohio Department of Taxation, the State of Ohio and Dave Yost, BCI Superintendent Bruce Pijanowski, and Chief of Police Elaine Bryant. This matter is before the Undersigned for consideration of Plaintiff's Motion to Leave to Proceed *in forma pauperis* (Doc. 1) and the initial screen of Plaintiff's Complaint (Doc. 1-1) under 28 U.S.C. § 1915(e)(2). Plaintiff's request to proceed *in forma pauperis* is **GRANTED** (Doc. 1). All judicial officers who render services in this action shall do so as if the costs have been prepaid. 28 U.S.C. § 1915(a).

Having performed an initial screen, the Undersigned **RECOMMENDS** that Plaintiff's Complaint (Doc. 1-1) be **DISMISSED** and his Motion to Enter Thumb Drive (Doc. 2) be **DENIED as moot**. Additionally, to the extent Plaintiff's Motion for Stay of Case with Judge Watson (Doc. 5) seeks to halt this case's reassignment, the motion is **DENIED as moot**; and to the extent that motion seeks the Undersigned's recusal, the motion is **DENIED**.

**I.	STANDARD**

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "A claim is frivolous if it lacks 'an arguable basis either in law or in fact.'" *Flores v. U.S. Atty. Gen.*, No. 2:14-CV-84, 2014 WL 358460, at *2 (S.D. Ohio Jan. 31, 2014) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). This occurs when "indisputably meritless" legal theories underlie the complaint, or when a complaint relies on "fantastic or delusional" allegations. *Flores*, 2014 WL 358460, at *2 (citing *Neitzke*, 490 U.S. at 327–28).

In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Yet, a court is not required to accept factual allegations set forth in a complaint as true when such factual allegations are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer*, 325 F. App'x 427, 429–30 (6th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Further, "pro se litigants are not relieved of the duty to develop claims with an appropriate degree of specificity." *Kafele v. Lerner, Sampson, Rothfuss, L.P.A.*, 161 F. App'x 487, 491 (6th Cir. 2005). The complaint must include more than "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action . . . ." *Id.* The role of the court is not to "conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (internal quotation marks and citations omitted). In sum, although *pro se* complaints are to be construed

liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989).

**II.   DISCUSSION**

Plaintiff brings this action against the Ohio Department of Taxation, the State of Ohio and Ohio Attorney General Dave Yost,[1] Ohio Bureau of Criminal Investigations (BCI) Superintendent Bruce Pijanowski, and the Chief of Police for the City of Columbus Elaine Bryant. (Doc. 1-1 at 2). Plaintiff styles this action as a "defamation case" and seeks $200,000,000 as relief. (*Id.*). He alleges that all the Defendants' actions "caused [him] to have a heart attack" that required heart surgery and triggered other ongoing health effects. (*Id.* at 3–4). But it is not entirely clear what Defendants are meant to have done. To the complaint, Plaintiff attaches an April 14, 2015, Franklin County Municipal Court Entry and Application authorizing the Ohio Department of Taxation–Criminal Investigation Division to install an electronic tracking device on a vehicle registered to Tareq Jabr. (*Id.* at 5–6). And elsewhere he comments that something is "ongoing, still in illegal open status, for over 9 ½ years and ongoing from 3-4-2015 till now." (*Id.* at 3). Plaintiff also says there is "proof" of "illegal things" on a thumb drive that he seeks to enter into the record. (*Id.* at 3; *see also* Doc. 2). But the Undersigned need not consider this "proof" to determine whether Plaintiff has satisfied federal pleading requirements. *See Savage v. Chase Bank*, No. 2:19-CV-3806, 2019 WL 5304053, at *3 (S.D. Ohio Oct. 21, 2019) (citation omitted) ("[I]t is a Plaintiff's obligation at the outset to file a complaint which satisfies the basi[c] federal pleading requirements set forth in Fed. R. Civ. P.(8)(a) and survives review under Rule 12(b)(6)."). Nevertheless, based on representations in the complaint, possibly Plaintiff's claims relate to an

---

[1] Plaintiff identifies the State of Ohio and Dave Yost as one defendant. (Doc. 1-1 at 1 (listing the State of Ohio and Dave Yost as the second defendant and providing the same address for service)). Because Plaintiff does not indicate his reason for doing this, for the purposes of this screen, the Undersigned will consider them separately.

Ohio Department of Taxation investigation. That said, there is scant factual detail in the complaint itself. Ultimately, Plaintiff's complaint must be dismissed for failure to state a claim upon which relief can be granted.

At the outset, the Undersigned notes that Plaintiff has previously attempted to sue the State of Ohio and the Ohio Department of Taxation for violating the Fourth Amendment of the U.S. Constitution. *Jabr v. Ohio Dep't of Tax'n*, No. 2:23-CV-2651, 2023 WL 5531413 (S.D. Ohio Aug. 28, 2023), *report and recommendation adopted*, No. 2:23-CV-2651, 2023 WL 6809632 (S.D. Ohio Oct. 16, 2023). As the Undersigned explained in that case, the State of Ohio and the Ohio Department of Taxation are immune from suit in this Court by virtue of the Eleventh Amendment to the United States Constitution. *See Regents of Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997) (applying Eleventh Amendment sovereign immunity to state instrumentalities). Additionally, to the extent Plaintiff seeks to sue BCI Superintendent Pijanowski and Ohio Attorney General Yost in their official capacities, his claims are also barred by sovereign immunity. *Id.* (applying Eleventh Amendment sovereign immunity to state agents); *see Lewis v. Clarke*, 581 U.S. 155, 162 (2017) ("[L]awsuits brought against employees in their official capacity represent only another way of pleading an action against an entity of which an officer is an agent, and they may also be barred by sovereign immunity.") (cleaned up). Accordingly, these Defendants must be dismissed.

Further, Plaintiff's claims against Defendant Elaine Bryant, and to the extent he brings them against Defendants Pijanowski and Yost in their individual capacities, also fail to state a claim upon which relief can be granted. While Plaintiff mentions the Americans with Disabilities Act ("ADA") in passing, he fails to state this claim with the requisite factual specificity. (Doc. 1-1 at 4). He says that he has been "on SSI Disability" since 2008 and the "ADA protects[] persons with disabilities." (*Id.*). But Plaintiff does not support this statement with any relevant

4

information, such as what actions on the part of Defendants are meant to have violated the ADA or what provision of the ADA he thinks applies. Next, Plaintiff cites to 8 U.S.C. § 1324c (penalties for document fraud) as a basis for this lawsuit. (Doc. 1-1 at 4). This provision, within the Immigration and Nationality Act ("INA"), outlines penalties and the administrative process for unlawful actions related to immigration documents. 8 U.S.C. § 1324c. Not only are Plaintiff's allegations unrelated to immigration, but also "[f]ederal courts appear to be unanimous in finding that Congress did not intend to confer a private right of action for enforcement of this provision of the INA." *Sanders v. Hicks*, No. 122CV00577JLTHBK, 2023 WL 8788808, at *4 (E.D. Cal. Dec. 19, 2023) (collecting cases), *report and recommendation adopted*, No. 122CV0577JLTHBKPC, 2024 WL 557820 (E.D. Cal. Feb. 12, 2024), *reconsideration denied*, No. 122CV0577JLTHBKPC, 2024 WL 1054917 (E.D. Cal. Mar. 11, 2024). Plaintiff further mentions several criminal statutes that similarly do not provide him a private right of action. (Doc. 1-1 at 4 (alleging "criminal harassments, criminal stalkings, [and] obstruction of justice")); *see Kelly v. City of New Phila.*, No. 5:11-CV-474, 2011 WL 3705151, at *2–3 (N.D. Ohio Aug. 22, 2011) (quoting *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003)) ("The district court properly dismissed [plaintiff's] claim pursuant to [two criminal statutes] because [he] has no private right of action under either of these criminal statutes."). And "[w]here a plaintiff has no private right of action, a plaintiff has not stated a claim upon which relief can be granted." *Flood v. Reed*, No. 2:16-CV-778, 2017 WL 1021364, at *3–4 (S.D. Ohio Mar. 16, 2017) (citing *Kafele v. Frank & Woolridge Co.*, 108 F. App'x. 307, 308–09 (6th Cir. 2004)).

In addition, the Court does not have jurisdiction to hear Plaintiff's state law defamation claims because Plaintiff and all three individual Defendants are alleged to have Ohio citizenship. (Doc. 1-1 at 1 (providing an Ohio address for Plaintiff, Yost, Pijanowski, and Bryant), 4 (alleging

5

defamation, libel, and slander in violation of Ohio Revised Code § 2739.01); Doc. 1-2 (indicating Plaintiff and Defendants are citizens of Ohio)). So, complete diversity as required by 28 U.S.C. § 1332(a) does not exist. Even if there was complete diversity here, Plaintiff's requested relief does not meet the amount in controversy required by 28 U.S.C. § 1332(a). "Whether the amount in controversy requirement has been satisfied is judged on a good faith standard." *Jennings v. Ford Motor Co.*, 56 F.3d 64 (Table) (6th Cir. 1995) (citing *Wood v. Stark Tri-County Bldg. Trades Council*, 473 F.2d 272, 273 (6th Cir. 1973)). "Where a party alleges excessive damages beyond any reasonable expectation of recovery, jurisdiction does not attach." *Id.* (citing *Worthams v. Atlanta Life Ins. Co.*, 533 F.2d 994, 997 (6th Cir. 1976)). In this case, Plaintiff's prayer for two hundred million dollars is so excessive compared to his allegations that the Undersigned concludes his request lacks good faith. Consequently, the Court does not have diversity jurisdiction over Plaintiff's defamation claims.

At base, Plaintiff has failed to satisfy the basic federal pleading requirements set forth in Rule 8(a), and the Court lacks jurisdiction to hear his claims. *Twombly*, 550 U.S. at 555. To allow Plaintiff's claims to proceed beyond this point would be to "conjure allegations" on his behalf. *Martin*, 391 F.3d at 714. Plaintiff's Complaint should be dismissed.

### III.  MOTION FOR STAY OF CASE

Finally, Plaintiff filed a motion requesting that this case "stay" with Judge Watson. (Doc. 5). When initially filed, this case was assigned to District Judge Watson and Magistrate Judge Vascura. Judge Watson and Judge Graham both agreed, however, that this case should be reassigned to Judge Graham and the Undersigned because it is related to Plaintiff's prior case, *Jabr v. Ohio Department of Taxation* (Case No: 2:23-cv-2651). (Doc. 4). Accordingly, the case was reassigned on July 15, 2024. (*Id.*). Therefore, to the extent that Plaintiff seeks to halt this reassignment, his motion is **DENIED as moot**.

Portions of Plaintiff's motion can be also construed as requesting the Undersigned's recusal. Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." A magistrate judge should also disqualify herself "[w]here [she] has a personal bias or prejudice concerning a party . . . ." 28 U.S.C. § 455(b)(1); *see also* 28 U.S.C. § 144 ("Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein . . . ."). "Motions to recuse under § 455 are to be decided in the first instance by the judicial officer sought to be disqualified." *Moss v. Fairborn City Sch.*, No. 3:08-CV-00393, 2009 WL 10679470, at *1 (S.D. Ohio Nov. 5, 2009) (citations omitted) (magistrate judge ruling on a motion to recuse). The standard by which a judge should consider a motion to recuse "is an objective standard, 'ask[ing] what a reasonable person knowing all the relevant facts would think about the impartiality of the judge.'" *In re Nat'l Prescription Opiate Litig.*, No. 19-3935, 2019 WL 7482137, at *1 (6th Cir. 2019). "This standard is not based on the subjective view of a party, no matter how strongly that subjective view is held." *United States v. Nelson*, 922 F.2d 311, 319 (6th Cir. 1990) (citation and internal quotation marks omitted), *cert. denied* 499 U.S. 981 (1991).

Here, Plaintiff says the Undersigned will be unfair and biased, citing to the Undersigned's Report and Recommendation in his prior case. (Doc. 5 at 2; *see* Case No: 2:23-cv-2651, Doc. 2 (recommending Plaintiff's complaint be dismissed)). But Plaintiff's dissatisfaction with an adverse ruling is not grounds for recusal. *See Knapp v. Kinsey*, 232 F.2d 458, 466 (6th Cir. 1956) ("Adverse rulings during the course of the proceedings are not by themselves sufficient to establish bias and prejudice.") (collecting cases); *Moss*, 2009 WL 10679470, at *1 (citation omitted)

7

("Disagreement about the Court's ruling in a case is not a ground for disqualification or recusal."); *Gresham v. Stewart*, No. 13-10189, 2017 WL 75967, at *1 (E.D. Mich. Jan. 9, 2017) ("It is well-settled that adverse rulings during the course of proceedings are not themselves sufficient to establish bias or prejudice which will disqualify the presiding judge.").

Plaintiff also argues that the Undersigned is unable to be fair because she "worked for Dave Yost." (Doc. 5 at 2). Section 455(b) requires a judge to disqualify herself "[w]here [s]he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." 28 U.S.C. § 455(b)(3). This is not the case here, nor has Plaintiff alleged such. Moreover, the Undersigned did not work at the Ohio Attorney General's Office when Dave Yost was the attorney general. So, Plaintiff's accusation of impartiality is baseless.

For these reasons, the Undersigned's impartiality is not reasonably in question, nor is there an appearance of impropriety. Therefore, to the extent Plaintiff's Motion (Doc. 5) seeks the Undersigned's recusal, the motion is **DENIED**.

### IV. CONCLUSION

Plaintiff's request to proceed *in for a pauperis* is **GRANTED** (Doc. 1). Based upon the foregoing, however, it is **RECOMMENDED** that Plaintiff's Complaint (Doc. 1-1) be **DISMISSED** and his Motion to Enter Thumb Drive (Doc. 2) be **DENIED as moot**. Additionally, to the extent Plaintiff's Motion for Stay of Case with Judge Watson (Doc. 5) seeks to halt this case's reassignment, the motion is **DENIED as moot**; and to the extent that motion seeks the Undersigned's recusal, the motion is **DENIED**.

The Undersigned **FURTHER RECOMMENDS** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons, an appeal of any Order adopting this Report and

8

Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

### **Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: July 22, 2024

/s/Kimberly A. Jolson  
KIMBERLY A. JOLSON  
UNITED STATES MAGISTRATE JUDGE

9