IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Tareq R. Jabr,**

    Plaintiff,

   v.                                                        Case No. 2:24-cv-3580
                                                                  Judge James L. Graham
                                                                  Magistrate Judge Kimberly A. Jolson

**Ohio Dept. of Taxation, et al.,**

    Defendant.

### OPINION AND ORDER

This matter is before the Court to consider a Report and Recommendation (ECF No. 6) issued by Magistrate Judge Jolson on July 22, 2024. Plaintiff Tareq Jabr, an Ohio resident proceeding *pro se*, brings this action against Defendants the Ohio Department of Taxation, the State of Ohio, Ohio Attorney General Dave Yost, BCI Superintendent Bruce Pijanowski, and Columbus Chief of Police Elaine Bryant. Plaintiff styles this action as a "defamation case" and seeks $200,000,000 in relief. (ECF No. 1-1 at 2). Plaintiff alleges that Defendants' actions "caused him to have a heart attack" which led to heart surgery and other ongoing health issues (*Id.* at 3-4). Plaintiff also makes various other claims including "ongoing" illegal activities which he claims to have proof of on the thumb drive that he seeks to enter into the record (*Id.* at 3; *see also* ECF No. 2).

The Magistrate Judge found that while Plaintiff may proceed *in forma pauperis*, the Complaint should be dismissed in its entirety. The Magistrate found "scant factual detail" in the complaint itself to support Plaintiff's claims. (ECF No. 6 at 4). The Magistrate Judge also explained that Plaintiff attempted to sue the State of Ohio and the Ohio Department of Taxation for violating the Fourth Amendment (*Id.*; *see Jabr v. Ohio Dep't of Tax'n,* No. 2:23-cv-2651, 2023 WL 5531413 (S.D. Ohio Aug. 28, 2023). The Magistrate reiterates that as explained in that case, these Defendants are immune from suit under the Eleventh Amendment. *See Regents of Univ. of Calif. V. Doe,* 519 U.S. 425, 429 (1997). Additionally, the Magistrate found that Defendants BCI Superintendent Pijanowski and Ohio Attorney General Dave Yost are also

1

protected from being sued in their official capacities under the doctrine of sovereign immunity. *Id.*

The Magistrate also found that Plaintiff's claims against all of the Defendants fail to state a claim upon which relief can be granted. Despite mentioning the Americans with Disabilities Act ("ADA"), the Magistrate found that Defendant failed to state this claim with the requisite factual specificity. The Magistrate found Defendant's claim under 8 U.S.C. § 1324c to be similarly deficient as Plaintiff's allegations are unrelated to immigration. (ECF No. 6 at 5).

Lastly, the Magistrate found that the Court does not have jurisdiction to hear Plaintiff's state law defamation claims because Plaintiff and all three individual Defendants are Ohio citizens (ECF No. 1-1 at 1). Although Plaintiff's requests for two hundred million dollars technically satisfies the amount in controversy requirement, the satisfaction of this requirement is judged on a good faith standard. *Jennings v. Ford Motor Co.*, 56 F.3d 64 (Table) (6th Cir. 1995) (citing *Wood v. Stark Tri-County Bldg. Trades Council*, 473 F.2d 272, 273 (6th Cir. 1973)). The Magistrate found Plaintiff's request to be so excessive that it lacks good faith and therefore, found that jurisdiction should not attach.

### A. Standard of Review

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### B. Plaintiff's Objections to Report and Recommendation

Plaintiff timely filed an objection to the Report and Recommendation. In his objection, Plaintiff asserts that his claims are legitimate, and that the Magistrate's Report and Recommendation is "totally unacceptable… unfair, unjust and [Magistrate] Kimberly A. Jolson should step down and recuse herself as a matter of laws." (ECF No. 8 at 1). Plaintiff asserts many baseless claims against the assigned Magistrate and reiterates the "key evidence" that exists on the thumb drive he wishes to enter into the record (*Id.* at 2). Plaintiff also repeats his allegations against the named Defendants but once again fails to offer any direct evidence to support these

claims. Plaintiff concludes by once again criticizing the Magistrate's Report and Recommendation and stating that he holds all defendants, as well as Magistrate Jolson and this Court, responsible for the "serious injuries" he alleges.

Plaintiff references the Magistrate's Report and Recommendation but fails to provide any basis for this Court to reject the Magistrate's findings. Plaintiff alleges that the Magistrate failed to provide service to any of the defendants "according to the laws." (ECF No. 8 at 2). Plaintiff fails to reference any specific laws, but this Court will interpret his claim as a violation of Fed. R. Civ. P. 4. Under Fed. R. Civ. P. 4(b), after filing the complaint, the Plaintiff may present summons to the clerk for signature and seal. If the form is completed properly, the clerk must sign, seal, and issue it to the plaintiff so that they may serve the defendant. *Id.* Here, Plaintiff has failed to comply with the requirements of Rule 4. Despite filing the Complaint (ECF No. 7), the Court finds no evidence that Plaintiff properly completed the summons form as required under Rule 4(b).

Plaintiff's remaining claims consist of vague references to the United States Constitution, United States Code, and various cases. (*See* ECF No. 8). He argues that Magistrate Judge Jolson has violated the "due process of laws" and "penal code 135." (*Id.* at 3). Plaintiff proffers these outlandish arguments but as with the other claims, fails to articulate any factual basis for such claims. Plaintiff also alleges that this case is a "total defamation" but once again fails to articulate any facts to support this claim. *Id.* Plaintiff cites to various defamation cases and claims that they apply to this case. However, given the lack of facts alleged, the Court finds this claim to be frivolous.

### C. Plaintiff's Motion for Default Judgment

Plaintiff subsequently filed a Motion for Default Judgment (ECF No. 10) against all Defendants on August 30, 2024. Plaintiff argues that since the named defendants did not answer the Plaintiff's complaint within 21 days, he is entitled to relief under Fed. R. Civ. P 60. However, Plaintiff has failed to comply with the summons requirement under Fed. R. Civ. P. 4.

The Magistrate's Report and Recommendation found that Plaintiff did not properly complete the summons form. The Court agrees with the Magistrate's findings. Plaintiff failed to comply with the requirements under Fed. R. Civ. P. 4. He has not received a signature and seal

from the clerk and has not properly served any of the named Defendants. Since the Defendants have not been properly served and notified of the Complaint against them, the 21-day period to respond has not begun. Plaintiff's Motion for Default Judgment is without merit and is therefore **DENIED**.

### D. Conclusion

Ultimately, this Court finds that Plaintiff's request for Magistrate Jolson to recuse herself is without merit. The Court agrees with the Magistrate Judge's Report and Recommendation (ECF No. 6) and **ADOPTS** the same. Plaintiff's objection (ECF No. 8) is **OVERRULED.** Plaintiff's Motion to Enter Thumb Drive (ECF No. 2), Motion for Stay of Case with Judge Watson (ECF No. 5), and Motion for Default Judgment (ECF No. 10) are **DENIED** as moot.

It is so ORDERED.

*s/ James L. Graham*
JAMES L. GRAHAM
United States District Judge

DATE: September 4, 2024